# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CINDY LOU PETERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | ) Case No. 2:13-cv-00386-RFB-CWH<br>)<br>)<br>) **FINDINGS AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Cindy Lou Peterson's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal/Remand (#15)[1], filed on August 19, 2013, the Commissioner's Opposition (#16), filed on September 30, 2013, and Plaintiff's Reply (#21), filed on November 20, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

## BACKGROUND

### I.   Procedural History

On January 9, 2010, Plaintiff protectively filed an application for a period of disability and disability insurance benefits alleging she became disabled on October 1, 2006. (A.R. 150-157.)[2] Her claim was denied initially on September 8, 2010 and upon reconsideration on November 10, 2010. (A.R. 70-103, 105-107.) On October 27, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge ("ALJ") Thomas Cheffins. (A.R. 40-69.) On November 4, 2011,

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #5.)

the ALJ issued an unfavorable decision finding the Plaintiff has not been under a disability, as defined in the Social Security Act, from October 1, 2006 through the date last insured, December 31, 2009. (A.R. 25-39.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 12, 2013. (A.R. 1-6.) On March 7, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl. #1.)

**II.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on November 4, 2011. (A.R. 25-39.) At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009 and has not engaged in substantial gainful activity ("SGA") from October 1, 2006, the alleged onset date, through the date last insured ("DLI"). (A.R. 30, Findings 1-2.) At step two, the ALJ found that Plaintiff has the following severe impairments through the DLI: post five left knee surgeries, post reconstructed right shoulder and post right knee surgery. (A.R. 30, Finding 3.) At step three, the ALJ found that, through the DLI, Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 13, Finding 4.)

The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") for a reduced range of sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following nonexertional limitations: never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, occasionally balance, stoop, crouch, kneel, and crawl, occasionally reach overhead with the right upper extremity, and avoid moderate exposure to moving machinery and unprotected heights. (A.R. 31, Finding 5.) The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms not fully credible. (A.R. 31.) At step four, the ALJ found Plaintiff capable of performing her past relevant work ("PRW") as an insurance clerk and accounts receivable clerk as they were actually performed and as they are generally performed in the national economy based on vocational expert testimony. (A.R. 34, Finding 6.) The ALJ made no alternative step five finding. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her

application for a period of disability and disability insurance benefits.

## DISCUSSION

### I.      Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's

interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### II. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in SGA. 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental

activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her PRW.  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. § 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

### III. Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for three reasons.  First, Plaintiff contends that the ALJ improperly rejected the opinion of treating physician Gregory T. Bigler, M.D. ("Dr. Bigler").  Second, Plaintiff argues that the ALJ failed to fully consider whether she meets listings 1.02 and/or 1.03 at step three.  Third, Plaintiff asserts that the ALJ's credibility finding is not supported by clear and convincing reasons.

In response, the Commissioner contends that the AlJ properly assessed Dr. Bigler's opinion.

The Commissioner also asserts that Plaintiff does not meet a listing and failed to provide evidence showing medical equivalence. Finally, the Commissioner claims that the ALJ's credibility finding was supported by substantial evidence.

### A. Opinion Evidence

Plaintiff argues that the ALJ improperly rejected the opinion of her long-term treating physician Dr. Bigler. She cites to an October 2011 opinion that acknowledges the period at issue limitations and assigned her work limitations that would result in a conclusion of disabled. Further, Plaintiff highlights vocational expert testimony that considered Dr. Bigler's limitations and resulted in no work. As a result, Plaintiff contends that the ALJ's failure to provide clear and convincing reasons for rejecting Dr. Bigler's opinion is a fatal defect. In response, the Commissioner highlights the fact that Dr. Bigler's opinion was dated October 26, 2011 and not clear as to whether the limitations assessed were relevant for the period at issue. Further, the Commissioner asserts that Dr. Bigler gave no indication that he reviewed treatment notes before completing his opinion. Also, the Commissioner cites to contradictory opinion evidence from consultative examiner Melanie Alarcio, M.D. ("Dr. Alarcio") and two State agency reviewing physicians, Nadine Keer, D.O., and Ernest Griffith, M.D.

The Court is not convinced that the ALJ's reasons for giving Dr. Bigler's opinion no weight are supported by substantial evidence. First, he notes that the opinion is dated after the DLI. However, Dr. Bigler signed his initial's next to the form's acknowledgment paragraph that specified the period at issue. (A.R. 581). More importantly, the ALJ has a duty to fully and fairly develop the record. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Therefore, the ALJ should have requested additional information from Dr. Bigler as to whether his opinion related to Plaintiff's condition prior to the DLI and whether he had supporting treatment notes. Second, the ALJ relies on contrary objective findings from consultative examiner Dr. Alarcio that Plaintiff was observed sitting comfortably, walking from the examination room unassisted, and getting on and off the table. However, the consultative examination was held after Plaintiff's DLI. Further, the length of the examination was significantly shorter than Dr. Bigler's long-term treating relationship with Plaintiff. The ALJ failed to provide specific reasons for relying on the one-time examination over Dr. Bigler's

opinion as Plaintiff's treating physician and a specialist.  Also, there is no indication that Dr. Alarcio's opinion considered whether Plaintiff's functioning immediately after surgery on October 27, 2009 when she was in a leg cast for eight weeks and continued to use a knee brace differed from her functioning as of the exam.  As a result, the ALJ's reliance on Dr. Alarcio's opinion rather than Dr. Bigler's opinion despite the fact that it is unclear if they were limited to the period at issue, is not supported.  Further, the ALJ's opinion evidence assessment fails to address whether a closed period of disability was warranted despite indications that Plaintiff's condition at the time of the consultative examination was significantly better than immediately post-surgery.

Although the Court is bound to apply the credit-as-true rule as stated by the Ninth Circuit, the Court finds that remand for an award of benefits is not justified under that rule in this case.  *See Garrison v. Colvin* — F.3d —, 2014 WL 3397218 (9th Cir. July 14, 2014) (affirming that the credit as true rule applies if three factors are met: (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ failed to provide legally sufficient reasons for rejecting evidence); (3) if evidence were credited as true, ALJ would be required to find claimant disabled upon remand).  Additional administrative proceedings would serve a useful purpose, namely to clarify the period at issue for which Dr. Bigler's opinion applies.  A conclusion that Plaintiff is entitled to an immediate award of benefits would preserve efficiency and fairness, but cannot prevail over the accuracy because there is some doubt that Plaintiff is disabled.  Accordingly, the Court will remand for further consideration of the opinion evidence and order the ALJ to fully develop the record to clarify whether Dr. Bigler's opinion applies to the period at issue and whether Dr. Alarcio's opinion was limited to the period at issue.

### B.  Step Three

Plaintiff contends that the ALJ failed to consider whether she met or at least, medically equaled listings 1.02 or 1.03.  She asserts that a detailed pre-hearing memorandum was presented to the ALJ, which summarized the medical evidence of record indicating abnormal motion of the joint, limitation in ambulating, and the relevant factors for each listing.  Further, Plaintiff asserts that she met her burdening of demonstrating medical equivalence and therefore, the ALJ's cursory step three finding is legally insufficient.  In response, the Commissioner argues that Plaintiff failed to meet her

burden of demonstrating that she met or equaled listing 1.02 or 1.03.  Specifically, the Commissioner notes that Plaintiff presented no evidence of medical equivalence and subjective complaints of being unable to ambulate effectively are not a substitute for medical evidence.

To meet a listed impairment, an individual bears the burden of establishing that she meets each characteristic of a listed impairment relevant to her claim.  To equal a listed impairment, she must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment.  20 C.F.R. § 404.1526.  Further, if an individual suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment.  *Id.*  Medical equivalence must be based on medical findings and generalized assertions of functional problems are insufficient to establish disability at step three.  *See Tackett v. Apfel*, 108 F.3d 1094, 1100 (9th Cir. 1999).

Plaintiff cited to medical evidence of record prior to the DLI that demonstrates moderate osteoarthritis in the left knee, ACL tear and degenerative changes in the right knee with joint space narrowing, utilization of a leg brace and crutch. (A.R. 260). Further, Plaintiff highlights her surgical history that required a total knee replacement for her left knee.  The Court notes ALJ is not required to discuss the combined effects of an individual's impairments or compare them to any listing in an equivalency determination, unless presented with evidence in an effort to establish equivalence.  *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir.2001) (in distinguishing *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir.1990) and noting that claimant did not offer any theory as to how his impairments combined to equal a listing impairment).  Here, contrary to the Commissioner's assertion, it is clear that the ALJ was presented with evidence by Plaintiff's representative prior to the hearing articulating an equivalence theory. (A.R. 257-261.)  The ALJ did not obtain medical expert testimony as to whether Plaintiff met or equaled listings 1.02 or 1.03.  However, he noted that there was no treating or examining physician evidence mentioning findings in severity to the criteria of a listing.  After careful review, the Court notes that the consultative examiner Dr. Alarcio along with the two State agency reviewing physicians, Nadine Keer, D.O., and Ernest Griffith, M.D. did not find Plaintiff met or equaled a listing.  However, the ALJ's mere mention of the lack of opinion evidence without an explanation of why he found no medical equivalence is not an adequate explanation.  *See Marcia v.*

9

*Sullivan*, 900 F.2d 172 (9th Cir. 1990).  The ALJ must make sufficient findings without the benefit of court speculation to satisfy his burden when an equivalence argument is supported by medical evidence of record.  As the Commissioner is in a better position to evaluate the medical evidence and re-contact the opinion evidence sources for information as to the period at issue, the Court will remand for further consideration of medical equivalence of listings 1.02 and 1.03 at step three.

### C. Credibility

Plaintiff contends that the ALJ did not properly assess her credibility.  In doing so, Plaintiff alleges that the ALJ used one small inconsistency to reject Plaintiff's statements and her husband's statements.  Specifically, Plaintiff notes that she no longer feeds her horses and her husband's statement that she feeds and waters animals was misstated because he clarified that she no longer does that activity.  As a result, Plaintiff asserts that the ALJ did not identify any evidence that contradicts her claim that she is unable to perform sustained work activity.  In contrast, the Commissioner alleges that the ALJ provided valid bases for finding Plaintiff not fully credible in accordance with SSR 96-7p.  Specifically, the Commissioner highlights the ALJ's discussion of Plaintiff's activities of daily living, pain, and work history.

An ALJ's assessment of credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.1989).  The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the individual's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection.  *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims.  *Id.* at 592.  "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons

for finding her not fully credible. The Court notes that the ALJ can consider contrary objective medical evidence in making the credibility determination. Here, the ALJ provided a thorough summary of the medical evidence in which he highlighted specific objective findings that support the assigned RFC. (A.R. 31-34.) The ALJ noted that Plaintiff ambulated well and no instability of the lower extremities was noted just prior to her alleged onset date. (A.R. 31-32.) Further, following knee surgery, Plaintiff's pain was reduced and her range of motion was only mildly limited. (A.R. 32.) The ALJ also considered medical evidence dated after Plaintiff's DLI, which indicated normal range of motion for Plaintiff's right knee and left shoulder. Further, the ALJ cited to objective findings like an MRI of Plaintiff's right shoulder in November 2010 demonstrated a partial retracted tendon, but no tenderness or pain and normal range of motion was exhibited in October 2011 and she had not received any recent treatment. The ALJ granted Plaintiff the benefit of the doubt and assigned a reduced sedentary RFC with nonexertional limitations. Plaintiff's assertion that there is no objective medical evidence contrary to her claims of disabling level work limitations is an overstatement. The Court finds that the ALJ properly relied on objective medical evidence that supports the assigned RFC rather than Plaintiff's allegations of pain.

Moreover, the ALJ did not rely on objective medical evidence, but rather, addressed the other factors identified in 20 C.F.R. §§ 404.1529(c). Plaintiff asserts that the ALJ erroneously relied on a sporadic activity of daily living - feeding horses - to find her not credible. She also alleges that the ALJ expected Plaintiff to demonstrate a completely debilitating condition, which is not the correct standard. However, the ALJ considered Plaintiff's activities of daily living, pain, medication, and work history in accordance with SSR 96-7p. He noted that she painted ceramics, took a vacation, uses her computer, can drive to the store, is independent in self-care, and attempted work activity after the alleged onset date. (A.R. 33.) The ALJ also considered the fact that knee surgery was generally successful in relieving her symptoms. As a result, Plaintiff's contention that the ALJ provided a boilerplate conclusion with respect to credibility and relied on one activity of daily living inconsistency alone to discredit Plaintiff's testimony is not well-founded. The inconsistencies in her testimony with respect to levels of pain, activities of daily living, and work activity as compared to the objective medical findings are sufficient to support the credibility finding. Further, even conceding that the ALJ improperly summarized her husband's statement as to how much care she

provides for their animals, this is a harmless error because the ALJ assigned his report no weight based on being submitted after the DLI. Indeed, the Court notes that her husband's report is dated almost a year after her DLI. (A.R. 239.) The ALJ did not penalize Plaintiff for attempting to lead a normal life in the face of her limitations. Also, further administrative proceedings would serve a useful purpose because Plaintiff's husband could clarify if his statements made in November 2010 as to Plaintiff's limitations were applicable as of her DLI. Therefore, the Court finds that the ALJ's credibility finding complies with SSR 96-7p and does not warrant remand.

## IV.    Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is not supported by substantial evidence under 42 U.S.C. § 405(g) and does not articulate reasons for the findings that satisfy the requisite legal standards. Specifically, the defects at step three and opinion evidence assessment warrant correction upon remand.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#15) be **granted subject to the modification that it be remanded for further proceedings** consistent with the terms of this report and recommendation.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#16) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 12th day of August, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**